### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF THE STATE OF OKLAHOMA

| | |
|---|---|
| 1. REESE NOBLES,<br><br>                Plaintiff,<br><br>v.<br><br>1. CNHI, INC, d/b/a the ENID NEWS AND EAGLE,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. CIV-24-1156-SLP<br>)<br>)   ADA claim arising in Garfield County<br>)<br>)<br>)   JURY TRIAL DEMANDED |

### COMPLAINT

**COMES NOW THE PLAINTIFF,** and for his cause of action herein alleges that:

### PARTIES

1. The Plaintiff is Reese Nobles, an adult male who suffers from a disability and who resides in Garfield County, Oklahoma.

2. The Defendant is CNHI, Inc., a media company doing business in Garfield County under the name of the Enid News and Eagle.

### JURISDICTION AND VENUE

3. This is a cause of action for discrimination based on disability as prohibited by the Americans With Disabilities Act, as amended. Jurisdiction over the federal claims is vested in this Court pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. § 1331.

4. All of the actions complained of occurred in Garfield County and the Defendant may be served in Garfield County, Oklahoma. Garfield County is located in the Western District of the United States District Court of Oklahoma and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

### STATEMENT OF FACTS

5. The Plaintiff is Reese Nobles, an adult male who is legally blind and cannot

drive an automobile.

6. Defendant is a corporation which at all times pertinent to this lawsuit employed twenty or more persons.

7. The Defendant does business in Garfield County as a newspaper called the Enid News and Eagle.

8. The Plaintiff had been an employee of the Defendant since March 2022. His job was to attend and cover athletic contests as a sports writer.

9. On September 18, 2023, the Defendant involuntarily placed the Plaintiff on unpaid medical leave because it suddenly refused the long-standing accommodation of allowing Plaintiff's mother to drive him to and from the athletic events, and refused to allow Plaintiff the ability to use an Uber, taxi, or other ride share. No reason was given for disallowing an accommodation that had worked successfully and without cost to Enid News.

10. At the time Plaintiff was removed from his job, Plaintiff had been satisfactorily performing his job.

11. Plaintiff continued, at all times, to possess the same qualifications for work that he possessed prior to being removed from this job.

12. Defendant continues to employ one or more sports reporters (Plaintiff's job) who do not have Plaintiff's disability.

13. Plaintiff has continued to request the accommodation of allowing his mother or a third party to drive him to sporting event and reinstatement to his job.

14. Prior to removing Plaintiff from his job, the Defendant failed to engage in the interactive process under the ADA.

15. After the Plaintiff filed his claim with the EEOC, the Defendant engaged in a bad faith interactive request which had nothing to do with the Plaintiff's ability to do his job.

16. Although Defendant's actions were in bad faith, Plaintiff cooperated in all respects with the process. Nonetheless, Defendant has refused to allow Plaintiff to return to work.

17. To avoid Plaintiff receiving unemployment benefits, Defendant has contended that Plaintiff is still an employee, however, Defendant has refused to assign the Plaintiff any work or provide Plaintiff any pay since October 2023. Additionally, Defendant has denied Plaintiff access to its payroll portal.

18. By such actions, the Defendant has either actually or constructively terminated the Plaintiff's employment.

19. As the direct result of Defendant's actions, the Plaintiff has suffered damages in the form of lost earnings and benefits, past, present and on-going, and emotional distress.

20. Because the actions of the Defendant were taken by its management level employees who acted with knowledge of Plaintiff's disability and requests for accommodation, such actions are either willful, malicious, or, at the least, in reckless disregard of the Plaintiff's federally protected rights such that punitive damages should be assessed in the maximum amount allowed by law.

21. Plaintiff timely filed a charge of discrimination with the EEOC on or about March 27, 2024.

22. On or about September 24, 2024, the EEOC issued a right to sue letter to the Plaintiff. This action is brought within ninety (90) days of receipt of such letter.

## PRAYER

**WHEREFORE,** Plaintiff prays that he be awarded his actual and punitive damages herein, together with costs, pre- and postjudgment interest and attorney's fees, and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 8th DAY OF NOVEMBER, 2024.**

s/Mark Hammons
HAMMONS, HURST& ASSOC
MARK HAMMONS OBA # 3784
325 DEAN A. McGEE
OKLAHOMA CITY, OK 73102
Phone: (405) 235-6100
Fax:    (405) 235-6111
Email: assistant@hammonslaw.com
**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**